**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 18-4335**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JORDAN LEE MOORE,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:17-cr-00181-RJC-DCK-1)

───────────────

Submitted:  February 26, 2019                    Decided:  March 27, 2019

───────────────

Before MOTZ, HARRIS, and RICHARDSON, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Samuel B. Winthrop, WINTHROP & WINTHROP, Statesville, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jordan Lee Moore pled guilty to interference with security screening personnel, in violation of 49 U.S.C. § 46503 (2012). The district court sentenced Moore to 14 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious grounds for appeal but questioning whether the district court erred in denying Moore's pro se motions to withdraw his guilty plea and in calculating Moore's advisory Sentencing Guidelines range. Although notified of his right to do so, Moore has not filed a pro se supplemental brief. We affirm the district court's judgment.

We review a district court's decision to deny a motion to withdraw a guilty plea for abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). To withdraw a guilty plea prior to sentencing, a defendant must "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In ruling on the motion, the district court must consider six nonexhaustive factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion to withdraw the plea; (4) whether the defendant had the close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources.

*Nicholson*, 676 F.3d at 384.

We conclude that the district court did not abuse its discretion in denying Moore's motions. Moore did not contest his guilt, instead expressing frustration with being detained awaiting sentencing. Moreover, contradicting the assertions raised in his

2

motions, Moore testified at the Rule 11 hearing that he had received no promises other than those contained in the plea agreement. *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) ("A defendant's solemn declarations in open court . . . carry a strong presumption of verity." (alteration and internal quotation marks omitted)). Additionally, Moore waited until the eve of sentencing to file his motions.

Turning to Moore's sentence, rather than evaluating the merits of a defendant's challenge to the calculation of the Guidelines range, "we may proceed directly to an assumed error harmlessness inquiry."[*] *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted).

> To apply this assumed error harmlessness inquiry we require (1) knowledge that the district court would have reached the same result even if it had decided the [G]uidelines issue the other way and (2) a determination that the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor.

*United States v. McDonald*, 850 F.3d 640, 643 (4th Cir.), *cert. denied*, 138 S. Ct. 208 (2017) (internal quotation marks omitted). The error will be deemed harmless only when we are "certain" that these inquiries are met. *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012). Here, the first inquiry is met because the "district court . . . expressly stated in a separate and particular explanation that it would have reached the same result." *Gomez-Jimenez*, 750 F.3d at 383.

---

[*] Moore's challenge to his sentence is not moot although he was released from custody while this appeal was pending. *See United States v. Ketter*, 908 F.3d 61, 66 (4th Cir. 2018). However, this fact may also be relevant to the harmless error inquiry. *See id.* at 67.

As to the second inquiry, in determining whether Moore's sentence is reasonable, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). "While a district court's explanation for the sentence must support the degree of the variance, it need not find extraordinary circumstances to justify a deviation from the Guidelines." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (citation and internal quotation marks omitted). Because our review is ultimately for an abuse of discretion, we accord "due deference to the district court's decision that the [18 U.S.C.] § 3553(a) [(2012)] factors, on a whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted). Even if "we might reasonably conclude that a different sentence is appropriate, that conclusion, standing alone, is an insufficient basis to vacate the district court's chosen sentence." *Id.* (alterations and internal quotation marks omitted).

We conclude that Moore's sentence is reasonable. The district court considered Moore's arguments in mitigation, but determined that the seriousness of his offense outweighed these arguments. In particular, as the district court noted, Moore threatened to kill a federal officer, and his conduct was "significantly disruptive" as it necessitated the closure of a security checkpoint at one of the nation's busiest airports. The district court also found that Moore exhibited a "defiant, disrespectful attitude" toward federal officials when he was on pretrial release, and noted that his written statement accepting responsibility appeared to downplay the severity of his actions.

4

In accordance with *Anders*, we have reviewed the entire record in this case, and have found no meritorious issues for review. We therefore affirm the district court's judgment. This court requires that counsel inform Moore, in writing, of the right to petition the Supreme Court of the United States for further review. If Moore requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moore.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*